UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOURDES HENARES-LEVY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-00753-AGF |
| | ) |
| STATE AUTO PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant State Auto Property and Casualty Insurance Company (Doc. No. 6) to strike Plaintiff's claims for mental anguish and punitive damages. For the reasons stated below, this motion shall be granted.

## BACKGROUND

This matter arises out of the failure of Defendant to indemnify Plaintiff for, and pay a claim relating to, hail and wind damage to Plaintiff's home under the terms of Plaintiff's homeowner's insurance policy with Defendant. Plaintiff filed suit in state court on February 10, 2015, asserting two counts. Count I states a claim for breach of insurance contract, and seeks compensatory damages in the amount of $55,941.80. Count II states a claim for vexatious refusal to pay claim under Missouri Revised Statute § 375.420, and also asks for punitive damages and damages for mental stress and anguish

arising out of Defendant's alleged vexatious refusal to pay.  Count II does not specify the amounts sought for these damages.

On May 12, 2015, Defendant removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  Defendant's notice of removal stated that diversity jurisdiction is proper in this case because complete diversity of citizenship between the parties exists, and the amount in controversy exceeds $75,000.  In support of its argument that the minimum amount in controversy is met, Defendant stated that Plaintiff declined to stipulate that her total damages were less than $75,000, and that, therefore, Plaintiff seeks damages in excess of that amount.

On May 19, 2015, Defendant filed the present motion to strike Plaintiff's requests for mental anguish and punitive damages from Count II, contending that vexatious refusal to pay a claim is a statutory cause of action which specifically provides a calculus for awarding compensatory damages and attorney's fees, but does not authorize mental anguish or punitive damages.  Plaintiff failed to respond to Defendant's motion to strike within the time allowed to do so.

On June 18, 2015, the Court issued an Order for Plaintiff to show cause why Defendant's motion to strike should not be granted.  (Doc. No. 9.)  The Court warned Plaintiff that failure to respond may result in the striking of these claims.  Plaintiff has not responded to the Court's Order, and the time to do so has passed.

**DISCUSSION**

**Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While district courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Plaintiff's vexatious refusal claim is controlled by Missouri statute, which allows for statutory penalty damages and attorney's fees for the vexatious and unreasonable denial of a claim. Mo. Rev. Stat. § 375.420. In such a cause of action, common-law punitive damages are not permitted. *See SSM Health Care Corp. v. Repwest Ins. Co.*, No. 4:14CV1552 CDP, 2014 WL 5800214, at *3 (E.D. Mo. Nov. 7, 2014) (citing *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. banc 2000)). Furthermore, tort theories of recovery, such as claims for mental anguish and emotional distress, are not provided for under the Missouri law. *See Easter v. Farmers Ins. Co.*, No. 13–3412–CV–S–REL, 2014 WL 1237161, at *2 (W.D. Mo. Mar. 26, 2014); *Luechtefeld v. Unumprovident Corp.*, No. 4:06CV1241 HEA, 2006 WL 3257719, at *2 (E.D. Mo. Nov. 9, 2006). It is not clear from Plaintiff's petition whether she is seeking common-law mental anguish and punitive damages, or merely statutory penalty damages. To the extent she is seeking common-law mental anguish and punitive damages, the Court will strike these references from Count II. *See SSM Health Care Corp.*, 2014 WL 5800214, at *3 ("[R]equests for damages not

available under the applicable law are proper subjects for a motion to strike.") (citation omitted).

**<u>Subject Matter Jurisdiction</u>**

A court has a "special obligation" to consider whether it has subject matter jurisdiction in every case. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). This includes the responsibility to "consider *sua sponte* the court's subject matter jurisdiction where the court believes that jurisdiction may be lacking." *Id.* (citation omitted).

For a district court to have diversity jurisdiction under § 1332, there must be complete diversity between the parties, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Federal courts are courts of limited jurisdiction, and the amount in controversy requirement for diversity jurisdiction is to be strictly construed. *See Williams v. Omaha Paper Stock, Inc.*, No. 4:06CV884 FRB, 2006 WL 2085463, at *1 (E.D. Mo. July 25, 2006). When calculating the amount in controversy, "punitive damages may not be added to actual damages when their recovery is impossible . . . under the applicable state law." *Dixon v. Northwestern Nat. Bank of Minneapolis*, 276 F. Supp. 96, 104 (8th Cir. 1967); *see also Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (affirming dismissal for lack of jurisdiction where amount in controversy could not be met without including claim for punitive damages, which were not recoverable as alleged). Statutory attorney fees may be included in calculating the amount in controversy. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001). Remand is appropriate if the court determines "to a legal certainty" that

the claim is for less than the requisite amount. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012).

Because the Court has found that Plaintiff's claims for punitive and mental anguish damages are not recoverable as a matter of law, the Court feels it prudent to more closely scrutinize the amount in controversy to ensure that the exercise of diversity jurisdiction remains appropriate. Count I of the complaint requests compensatory damages in the amount of $55,941.80. Count II of the complaint states a claim under Missouri Revised Statute § 375.420, which allows for statutory damages for vexatious refusal to pay a claim, "not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee." Mo. Rev. Stat. § 375.420. Twenty percent of the first $1,500 is $300. Ten percent of the alleged loss in excess of $1,500 would be $5,444.18. This brings the amount in controversy to $61,685.98. Thus, as long as Plaintiff incurs reasonable attorney's fees of, or exceeding, $13,314.02 the minimum amount in controversy will be met. In litigation of this kind, the Court cannot say, as a legal certainty, that Plaintiff will not incur such costs. *See, e.g.*, *Bjornestad v. Progressive Northern Ins. Co.*, 664 F.2d 1195, 1198-99 (8th Cir. 2011) (affirming attorney fee award of $45,718.60 in a vexatious refusal case); *Tripp v. Western Nat. Mut. Ins. Co.*, 664 F.3d 1200, 1208 (8th Cir. 2011) (affirming attorney fee award of $65,000 in a vexatious refusal case). Thus, the Court concludes that diversity jurisdiction in this case exists.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant State Auto Property and Casualty Insurance Company to strike Plaintiff's claims for mental anguish and punitive damages is **GRANTED**, to the extent these claims seek common-law mental anguish and punitive damages. (Doc. No. 6.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2015.